UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ENRIQUE ALFREDO TAVARES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS | § | Case No. EP-17-CV-00289-PRM-RFC |
| | § | |
| LASALLE CORRECTIONS EMERALD | § | |
| CORRECTIONAL MANAGEMENT | § | |
| WEST TEXAS DETENTION CENTER; | § | |
| CAPTAIN MCQUADE; SERGEANT | § | |
| PITTMAN; AND ELI BASULTO | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION

Plaintiff Enrique Alfredo Tavares, proceeding *pro se*, filed suit under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). After due consideration, pursuant to 28 U.S.C. § 1915, the Court **RECOMMENDS** that Tavares's *Bivens* claim should be **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On November 2, 2016, the United States Attorney's Office for the Western District of Texas filed an application for writ of *habeas corpus ad prosequendum* to transfer Tavares[1] from

---

[1] This Court, under Federal Rules of Evidence 201, takes judicial notice that Tavares was sentenced to 5 years for aggravated robbery in Texas State Court. FED. R. EVID. 201; *In re Katrina Canal Breaches Consol. Lit.*, 533, 632 F.Supp.2d 615 (E.D. La.2008) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites.")); *See* TEX. DEP'T OF CRIMINAL JUSTICE, OFFENDER INFORMATION DETAILS, https://offender.tdcj.texas.gov/ OffenderSearch/offenderDetail.action?sid=07415990 (Last visited May, 14, 2018). This Court also takes judicial notice that Tavares's TDCJ Number is 02139131 and his BOP I.D. is 42339-05. *See Garcia-Muniz v. Musquiz*, No. 2:17-CV-89, 2018 WL 905054 at *1 (S.D. Tex. Feb. 15, 2018) (taking judicial notice of prisoner information).

the El Paso County Jail Annex to the West Texas Detention Center ("WTDC").[2] (ECF. No. 62: Ex. A) Tavares was set to appear in federal court for conspiracy to possess heroin with intent to distribute. *See United States v. Tavares*, No. 3-14-cr-01236-KC, ECF. No. 14, 114, 121 (W.D. Tex. Jan. 30, 2018).

On April 27, 2017, at WTDC, Tavares alleges that Captain McQuade, Sergeant Pittman, and Eli Basulto assaulted him. (ECF. No. 6) Specifically, Tavares alleges that Captain McQuade punched him in the face numerous times, Sergeant Pitman scratched him and squeezed his arm causing him to trip, and Eli Basulto slammed him on the ground. (*Id*.) Further, Tavares alleges that Eli Basulto lied about these events and had false charges filed against him. (*Id*.) At the time of the alleged assault, Tavares was a federal pretrial detainee at a private facility.

Subsequently, Tavares filed suit against LaSalle Corrections V, LLC ("LaSalle")[3], Captain McQuade, Sergeant Pitman, and Eli Basulto (collectively "Defendants") under 42 U.S.C. § 1983. Tavares sued Captain McQuade, Sergeant Pitman, and Eli Basulto for excessive force and LaSalle for allowing the assault. (*Id*.)[4] After the alleged assault, Tavares was remanded to state custody in June of 2017. (ECF. No. 62: Ex. B, D) Tavares is currently incarcerated in the Price Daniels Unit in Snyder, Texas. (ECF. No. 26)

## II.     LEGAL STANDARD

---

[2] This Court takes judicial notice that WTDC is a private corporation operated by LaSalle Corrections V, L.L.C. *See Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011) (indicating that a court can take judicial notice of matters of public record directly relevant to the issue at hand); *See also* LASALLE CORRECTIONS, http://www.lasallecorrections.com/ (last visited May 14, 2018).

[3] Tavares incorrectly sued LaSalle as LaSalle Corrections Emerald Correctional Management West Texas Detention Center.

[4] Although LaSalle's registered agent was not served, LaSalle waived further service in this case. (ECF. No. 62: 2)

28 U.S.C. § 1915 instructs that a court "shall" dismiss an *in forma pauperis* complaint at any time, if it determines that the complaint is frivolous or it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (2012). Further, the court may *sua sponte* dismiss on these grounds, even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The standard under § 1915(e)(2)(B) for dismissing a frivolous complaint applies to both prisoner and non-prisoner complaints. *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (per curiam) (affirming dismissal based on § 1915(e)(2)(B) in a non-prisoner case).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting Denton v. Hernandez, 504 U.S. 25, 33–34 (1992)).

To determine whether a complaint fails to state a claim upon which relief may be granted, courts engage in the same analysis as when ruling on a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6). See *Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). To meet this pleading standard, the complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

## III. DISCUSSION

At the time of his alleged assault, Tavares was being held in a private prison under the color of federal law. Therefore, instead of an action under § 1983, this Court will evaluate Tavares's claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). A *Bivens* action is analogous to an action under § 1983 except that § 1983 applies to constitutional violations by state, rather than federal actors. *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir.1993). Thus, to succeed on a *Bivens* cause of action, Tavares must demonstrate a constitutional violation. *Garcia v. U.S.*, 666 F.2d 960, 966 (5th Cir. 1982).

In *Ziglar v. Abbassi*, the Supreme Court recognized only three valid *Bivens* cases. 137 S. Ct. 1843, 1854–55. First, in *Bivens* itself, the Supreme Court recognized an implied damage action to compensate persons injured by federal officers in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures. *Id.* at 1854 (citing *Bivens v. Six Unknown Fed. Narcotics Agents* 403 U.S. 388, 397 (1971)). Second, in *Davis v. Passman*, the Supreme Court recognized a *Bivens* remedy for a Fifth Amendment gender-discrimination case. 442 U.S. 228 (1979). Finally, in *Carlson v. Green*, the Supreme Court recognized a *Bivens* remedy for an Eight Amendment Cruel and Unusual Punishment Clause case. 446 U.S. 14 (1980). Outside of these three unique circumstances, the Supreme Court views new *Bivens* claims with disfavor. *Abbassi*, 137 S.Ct. at 1857. For over 30 years the Supreme Court has consistently refused to extend *Bivens* into new context. *Id.* (citing *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 68 (2001)).

Tavares brings a new *Bivens* claim. A *Bivens* claim is new if it is meaningfully different from the previous Supreme Court *Bivens* cases. *Abbassi*, 137 S.Ct. at 1859. Meaningful differences may include: the rank of the officers involved; the constitutional right at issue; the extent of judicial guidance for the official conduct; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors not considered in previous *Bivens* cases. *Id.* at 1860.

Here, Tavares's case is meaningfully different. First, the facts of this case are clearly distinct from the three original cases decided by the Supreme Court. Further, while the Supreme Court has decided two similar cases, both cases were brought forth under a different Constitutional Amendment. Specifically, in *Correctional Services Corp. v. Malesko*, the Supreme Court declined to create an implied damages remedy in an Eighth Amendment suit

against a private prison. 534 U.S. 61, 63 (2001). Similarly, in *Minneci v. Pollard*, the Supreme Court declined to create an implied damages remedy in an Eighth Amendment suit against prison guards at a private prison. 565 U.S. 118, 120 (2012). While *Malesko* and *Minneci* involved a private prison and prison guards of a private prison respectively, both cases were brought under the Eighth Amendment. In this case, Tavares's *Bivens* claim is under the Fifth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (holding that a pretrial detainee's constitutional claims are considered under the due process clause). Thus, both *Malesko* and *Minneci* will not expressly bar Tavares's *Bivens* claim.

New *Bivens* claims are unavailable "if there are special factors counselling hesitation in the absence of affirmative action by Congress" or if there are alternative, existing processes for relief. *Abbasi*, 137 S.Ct. at 1857. In this case, without deciding if there are any special factors involved, Tavares has an alternative remedy under Texas tort law. Specifically, Texas law imposes general tort duties on private prisons. *See Minneci v. Pollard*, 565 U.S. 118, 120 (2012) (citing *Salazar v. Collins*, 255 S.W.3d 191, 198–200 (Tex.App.—Waco 2008, no pet.)). Therefore, Tavares cannot bring a *Bivens* action against the Defendants.

Finally, under *Bivens*, LaSalle cannot be vicariously liable for the actions of Captain McQuade, Sergeant Pittman, and Eli Basulto. A *Bivens* action is designed to hold the individual responsible for his or her own actions, not the acts of others. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

**IV. CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** that Tavares's *Bivens* claim should be **DISMISSED WITH PREJUDICE.** The Court **FURTHER RECOMMENDS** that all pending motions be **DENIED** as **MOOT**.

**SIGNED** this 31 day of May, 2018.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**